UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KATHY CHEATHAM, et al.                                                                    PLAINTIFFS
on behalf of themselves and all other
persons similarly situated

v.                                                                    CIVIL ACTION NO. 3:07-CV-391-S

KENTUCKY LOTTERY CORPORATION                                                          DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the plaintiffs, Kathy Cheatham and Ernestine Hirschman (collectively, "Plaintiffs") to remand (DN 6). Plaintiffs, one current and one former employee of the defendant, Kentucky Lottery Corporation ("KLC"), filed this action against KLC on July 6, 2007 in Jefferson Circuit Court. KLC removed the action to this court on July 26, 2007 asserting that Plaintiffs' claims fall within the ambit of the Securities Litigation Uniform Standards Act. This is the second action filed by the Plaintiffs against KLC. The Plaintiffs first complaint included additional defendants. The Plaintiffs voluntarily dismissed that complaint before filing this action.

### BACKGROUND

The Kentucky Legislature created KLC as a political subdivision in 1988. As a political subdivision, KLC had the opportunity to elect Social Security coverage for its employees or to maintain its own "public retirement system." KLC opted to maintain its own retirement system (the "KLC Plan"). If an employee works for a political subdivision that does not withhold Social Security taxes from employee salaries, the pension that such employee receives from the "public

retirement system" in lieu of Social Security may reduce that employee's Social Security benefits. In their complaint, Plaintiffs allege a number of state law claims based on KLC's alleged misrepresentations and omissions concerning the benefits they were to receive through the KLC Plan, and the effect these benefits would have on their Social Security benefits.  Specifically, Plaintiffs seek remedies on behalf of themselves and all other persons similarly situated for KLC's alleged violation of Kentucky wage and hour laws, breach of contract, breach of fiduciary duty in employment, breach of fiduciary duty in self-dealing, and negligent misrepresentation.  KLC contends that Plaintiff's claims are properly removable to this court pursuant to the Securities Litigation Uniform Standards Act.

## DISCUSSION

In order to invoke the district court's removal jurisdiction, the district court must have original jurisdiction over the action.  28 U.S.C. 1441(a).  The burden of showing that the district court has original jurisdiction is on the party seeking removal.  *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

A civil action filed in state court may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. 1441(b). In determining whether a claim arises under federal law, the court "examine[s] the 'well-pleaded' allegations of the complaint and ignore[s] the potential defenses."  *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).  The well-pleaded complaint rule "provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint....  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar v.*

*Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  An exception to the well-pleaded complaint rule applies when Congress has expressly provided that a state-law claim be removed to federal court.  *See Beneficial National Bank*, 539 U.S. at 6; *Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 325 (6th Cir. 2007).  Congress so expressly provided in the Securities Litigation Uniform Standards Act ("SLUSA").  15 U.S.C. § 77p(c); *see also Rowinski v. Salomon Smith Barney*, 398 F.3d 294, 298 (3d Cir. 2005); *Winne v. Equitable Life Assurance Society of U.S.*, 315 F.Supp.2d 404, 409 (S.D.N.Y. 2003).

SLUSA provides as follows:

> (b) Class action limitations
>
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

In addition, any covered action:

> brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).

In order to warrant removal of an action based on SLUSA, a defendant must demonstrate that:

- 3 -

> (1) the action is a "covered class action"
>
> (2) the plaintiffs' claims are based on state law;
>
> (3) the action involves a "covered security";
>
> (4) the defendant misrepresented or omitted a material fact;
>
> (5) in connection with the purchase or sale of such security.

*See Behlen v. Merrill Lynch*, 311 F.3d 1087, 1092 (11th Cir. 2002); *Araujo v. John Hancock Life Ins. Co.*, 206 F.Supp.2d 377, 381 (E.D.N.Y. 2002). If these five requirements are met, the claim is properly removable to federal court. A plaintiff cannot avoid federal jurisdiction and SLUSA by artful pleading where the crux of the complaint meets the requirements for removal. *See Araujo*, 206 F.Supp.2d at 384-85.

In this case, Plaintiffs do not contest KLC's assertion that their claims are based on state law, that the action is a "covered class action," or that they claim that KLC misrepresented or omitted a material fact. However, Plaintiffs do contest KLC's assertion that the action involves a "covered security" and that their claims are made "in connection with the purchase or sale of such security." According to KLC, because the KLC Plan purchases mutual funds with the contributions of KLC employees and KLC, as directed by the employees, the KLC Plan is a "covered security" under SLUSA. Even assuming this assertion is correct, the court does not find removal of this action proper insomuch as KLC's alleged misrepresentations and omissions did not occur "in connection with the purchase or sale of such security."

KLC has provided the court with numerous citations to cases in which courts have applied a broad interpretation of the "in connection" requirement. *See, e.g., Dabit*, 547 U.S. at 85-86 (claims alleging misrepresentations that "coincide" with a securities transaction are preempted by SLUSA);

*Rowinski*, 398 F.3d at 300-01 (claims alleging misrepresentations "touching on" the purchase or sale of securities are preempted by SLUSA). However, the substance of the plaintiffs' claims in those cases were the type of allegations typically associated with securities fraud. *See, e.g., Dabit*, 547 U.S. at 75 (plaintiffs alleged investment banking firm disseminated misleading research and thereby manipulated stock prices); *Rowinski*, 398 F.3d at 296-97 (plaintiffs alleged investment brokerage firm disseminated biased analysis of certain securities in order to artificially inflate the ratings and analysis of its investment banking clients). No such allegations exist in this case.

SLUSA preempts state statutory and common law insofar as state law might replicate the private claims for recovery that the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") provide for purchasers, sellers, and holders of securities. *See Dommert v. Raymond James Financial Services, Inc.*, No. 1:06-CV-102, 2007 WL 1018234, at *6 (E.D.Tex. March 29, 2007) (citation omitted). The purpose of the Securities Act and the Exchange Act was, and remains, to protect investors against manipulation of stock prices, to promote fair, equitable trading practices, and to insure fairness in securities transactions. *See Adaba v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d 1101, 1103 (S.D. Cal 2000). These purposes are clearly satisfied by construing the claims in the cases cited by KLC as being brought under these securities laws. However, the same cannot be said if this court were to similarly construe the claims brought by the Plaintiffs in this action. KLC's alleged misrepresentations and omissions had nothing to do with the trading of any particular security and any misrepresentation or omission by KLC did not affect the value of the KLC Plan, but merely involved the relationship between KLC and its employees. The crux of Plaintiffs' complaint is that KLC misrepresented the terms of their employment. Although SLUSA's scope is broad, it is not unlimited. *See Speilman v. Merrill Lynch,*

- 6 -

*Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 125 (2d Cir. 2003). Accordingly, the court does not find SLUSA's "in connection" requirement to be met in this case. *See Adaba*, 127 F.Supp.2d at 1103 (holding that a plaintiff's claims stemming from allegations that his investment brokerage firm misrepresented the speed with which it could execute trades were not preempted by SLUSA because the substance of the plaintiff's claims were not the type of allegations associated with securities fraud).

KLC contends that because the Plaintiffs have previously filed a complaint which they voluntarily dismissed, this somehow brings the current action within the ambit of SLUSA. While a plaintiff cannot avoid SLUSA preemption by artful pleading, no determination was made as to whether the claims in Plaintiffs' first complaint were preempted by SLUSA. That this is the second action filed by the Plaintiffs is of no consequence to the court's determination of this issue. The crux of Plaintiffs' complaint in this action simply does not fall within SLUSA's requirements for removal to this court. Absent preemption by SLUSA, no other grounds exist for removal of this action.

For the reasons set forth above, the court will grant the Plaintiffs' motion to remand this action to Jefferson Circuit Court. Plaintiffs' request for their attorney fees and costs incurred as a result of the removal of this action will be denied. A separate order will be entered herein this date in accordance with this opinion.